Judge Rowan
delivered the opinion of the court.
This was an action of trover and conversion, instituted by Ewing against l ord, to recover from him the value of a boat and Cargo, the property of plaintiff, converted by de - fendant to bis own use.
In suit^ oa contract, a! are liable, judgment £amst ,7le’ wCh catilfaction, is no tar to vha pi’ifl’s others '0
iort' several are'h-able, noihng short of i a satisfaction from one, will bsr-
The case was briefly this: — Ewing, a merchant of Via-cennes, had freighted a boat from that place to New-Orleans. James Donell, Joel Patten and Charles Fiisler, had been employed by him to conduct and deliver over the said boat and cargo to Benjamin Morgan, esq. of that place, to whom they were consigned. The crew attempted to sell the boat and cargo at Shawaneetown, as they descended the river, and some distance below that place did actually sell them to the defendant, Ford, vVho disposed of them to his own use. Ewing having heard of the attempt, by the crew, to sell the boat, &c. pursued them to ShawaneetovVn, and from thence to Ford's; but they had sold, as aforesaid, and were gone. Fiisler, one of the crew, was met at Shawaneetown, bv a Mr. Pentland, who understanding that he had received about $59 from Ford, as part of the price for which the said boat and cargo was purchased by the said Ford, demanded, as agent, of Ewing, that money, and ft pon Füsler’s refusal to pay it, sued him for it, vfhéreupon the said Flesler paid it. The defendant’s counsel, upon the trial of the case, moved the court to instruct the jury, that if they believed a suit liad been brought by Ewing against Fiisler, to recover the price of the boat and car„-0 ||ley shoojd find for the defendant. The court gave the instruction, to which the plaintift excepted. There no proof in the cause that plaintiff had sued Fiisler for the price of the boat and cargo — and if he had, the rec°rd such suit and judgment of recovery thereon,Would net alone have justified the instruction given by the court.'
The naked commencement of an action against one of t'vch each °f whom are liable, cannot be pleaded in bar to an action against the other: in the case of contract, where several are liable, suit and judgment against one will not' bar an action against the others — there must be satisfaction to make it a good bar — in tori, .less than a judgment will not bar. the present case, it was proved by one witness that suit liad been instituted against Fiisler for $59, and’ not forthe boat and cargo — -that he paid the $59 — and whether-lhe suit was further prosecuted, was still pending, or bad been discontinued, did not appear-^tbe discontm-nance was most presumable. Whether the court erred in refusing a new trial, upon the grounds taken, need not be. examined, as we are of opinion that the court erred in giving the instructions aforesaid to the jury. The judgment of the court below reversed, the cause to be remanded to' *459 that eourt, with directions to set the verdict aside, and award a venire de novo. Defendant to pay costs.
B. Hardin for plaintiff, Pope for defendant in error.